TOWN OF RUMNEY *vs.* TOWN OF ALLENSTOWN.

When a town relieves a pauper belonging to another town, in order to make the town to which the pauper belongs liable, notice of the sums expended must be given within ninety days from the time when the relief mentioned in the notice was afforded.

ASSUMPSIT for money expended in the support of several paupers alleged to have their settlement in the town of *Allenstown.*

The cause was tried here at November term, 1821, upon the general issue, when the plaintiffs, in order to prove notice to Allenstown, as required by the statute, produced a copy of the notice, which was as follows :

"STATE OF NEW-HAMPSHIRE.

"*Grafton, ss. To the selectmen or overseers of the poor of the town of Allenstown, &c. Greeting.*

" You are hereby notified, that *Betsey Johnson,* &c. are " persons poor, &c. that the town of Allenstown is charge-" able for the maintenance of said paupers, and that the se-" lectmen of said Rumney, for the relief and support of " the said paupers, have expended the following sums, to wit :

" 1818, March 10.    To paid W. Caldwell, for the
                                relief and support of E. P.
                                Johnson, as per bill,              $30  13

" 1818, March, 10.   Paid D. Avery as per bill for
                                support of Lewis Johnson,        20  00

" 1818, March, 10.   Paid T. Lord for support of
                                I. W. Johnson,                         25  00
                                                                              ―――――――
                                                                              $75  13

                                                        S. B. }
                                                        D. G. } Selectmen.

" Rumney, March 11, 1818."

Which notice was served March 30, 1818, and returned to the office of the clerk of the court of common pleas in Rockingham county, March 31, 1819.

But it appearing in evidence, that part of the $75 13, mentioned in the notice, was paid for relief furnished the paupers more than ninety days before the notice was given to Allenstown, the court directed a nonsuit to be entered, subject to the opinion of the court upon the legality of the notice.

RICHARDSON, C. J. The statute of June 27, 1809, sec. 2, (1) declares, " that when any person in any town or place in " this state shall be poor and unable to maintain him or her- " self, such person shall be relieved and maintained by the " overseers of the poor of such town or place where such per- " son shall happen to be, and in case such town or place is " not by law chargeable with the maintenance of such poor " person, they may, by action in any court proper to try the " same, recover of the town or person chargeable by law " with the maintenance of such poor person, all such sums " as they shall have expended about the maintenance of such " person. Provided, that in all cases, notice in writing, sign- " ed by a majority of said selectmen or overseers, and stat- " ing the sums expended by them for the relief of such poor " person, shall be given in the manner hereinafter mentioned " to the town, place, or person chargeable by law " with the maintenance of such poor person, within " ninety days from the time the first relief shall have been " so afforded." " And no action shall be sustained against " any town or person for any sums expended as aforesaid, " unless such notice has been given in the manner aforesaid."

(1) 1 N. H. Laws, 359.

The present action is founded upon this section of the statute, and unless the plaintiffs have shown a substantial compliance with the requisitions of the statute, it is very clear, that the action is not maintained. The only question submitted to our decision is, whether the notice given in this case was sufficient. It has been argued that the first relief intended by the statute was the first relief actually afforded the pauper by the town; and that in all cases where a town neglects, for the space of ninety days after having relieved a pauper, to give notice to the town chargeable, it is forever

precluded from calling upon the town chargeable, for any support whatever furnished such pauper. This construction of the statute we cannot adopt. There are many reasons which induce us to think that the legislature could not have so intended. There are many cases in which a town cannot, with the utmost diligence, ascertain within ninety days after the first relief given, the pauper's true place of settlement. There are other cases in which the first relief afforded is so very inconsiderable as not to be worth the time and trouble of looking up the pauper's place of settlement. There may be some informality in a first notice which will render it of no avail, and which may not be discovered until after ninety days. The notice may from accident fail to be served within ninety days. The pauper's settlement may be supposed to be in one town, and notice be given accordingly, when in fact his settlement is in another town, and the mistake not be discovered within ninety days.

In these instances it seems to us incredible, that the legislature could have intended to make the town liable to support the pauper so long as he should continue in the town, merely because the town had once relieved him without giving notice to the place of his settlement within ninety days. Cannot a town gratuitously relieve a pauper in a particular instance, without being rendered liable for his future support?

It has often been ruled upon the trial of actions of this kind, that a notice, in which the first relief was stated to have been furnished more than ninety days before notice, was sufficient, but that nothing could be recovered except what had been furnished within ninety days before the notice given. To this construction of the statute, no objection is recollected ever to have been urged by counsel until lately, nor has the question now raised ever been deliberately examined by the court until within a year or two past. We have however examined the question in this case with the utmost attention, without being able to bring ourselves to believe that the construction which has heretofore been put upon the statute is the true one. Indeed we have not been able to discover any foundation whatever to support it. There are in our

opinion, two ways only, in which this clause in the statute can be construed. The one is, that the ninety days are to be reckoned from the time the first relief is in fact given to the pauper. This construction we cannot adopt for the reasons before stated. The other construction is, that by " ninety " days from the time the first relief shall have been so af- " forded," was intended ninety days from the time when the first relief, for which the town claims to be reimbursed, was afforded; that the statute, instead of limiting the recovery to ninety days previous to notice given, has limited the time of giving notice to ninety days from the time when the first re- lief, for which the town claims to be reimbursed, was afford- ed. With the policy of such a provision we have nothing to do. It is enough that the law seems to us to be so written. We are of opinion, that a notice, to be sufficient, within the intent of the statute, must be served within ninety days from the time when the first relief, for which the town claims to recover, was afforded. As it appears that the notice in this case was not served within ninety days from the time when the first relief, for which the money mentioned in the no- tice was expended, was afforded, the notice is insufficient, and the defendant must have judgment on the nonsuit.